IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

RONDA DEPRIEST                                                                 PLAINTIFF

v.                           Case No. 4:12-cv-00235 KGB

DENNIS MILLIGAN                                                 DEFENDANT

**ORDER**

Before the Court are plaintiff Ronda DePriest's motion to reopen and consolidate and her motion to reconsider (Dkt. Nos. 76, 77). Defendant Dennis Milligan does not object to reopening this case for the purpose of adjudicating Ms. DePriest's Title VII claim but has responded in opposition to the motions to consolidate and reconsider (Dkt. Nos. 78, 79).

     **I.**      **Motion to Reopen and Consolidate**

Turning first to Ms. DePriest's motion to reopen, Mr. Milligan does not object to reopening this case for the purpose of adjudicating Ms. DePriest's Title VII claim. The Court grants Ms. DePriest's motion to reopen for good cause shown.

Turning next to Ms. DePriest's motion to consolidate, Federal Rule of Civil Procedure 42(a) provides that, if actions before the Court involve a common question of law or fact, the Court may consolidate the actions. "The district court is given broad discretion to decide whether consolidation under Rule 42(a) would be desirable and the district judge's decision inevitably is highly contextual, as the case law amply demonstrates." 9A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2383 (3d ed. 2008).

Ms. DePriest has filed another action against Mr. Milligan alleging a failure to hire employment discrimination and retaliation claim (Case No. 4:14-cv-00037-JLH) and requests that the actions be consolidated. Mr. Milligan objects to the consolidation of the two cases,

stating that the facts and circumstances of the failure to hire case occurred at least three and a half years after the allegations involved in the termination claim. Mr. Milligan also argues that no economy of effort will be achieved by consolidation of these cases. The Court disagrees with Mr. Milligan and finds that, although Ms. DePriest's termination and failure to hire claims were not simultaneous, they involve the same parties and arise out of similar alleged facts and circumstances predating Ms. DePriest's termination. Accordingly, this Court directs the Clerk of Court to consolidate Case No. 4:14-cv-00037-JLH with this case pursuant to General Order 39 which provides for the assignment of consolidated cases to the judge with the lower case number, and the Court directs all parties to file all further pleadings in the instant case.

Mr. Milligan requested in his opposition to Ms. DePriest's motion to consolidate that the Court rule on his pending motion for summary judgment before considering consolidation. On September 30, 2013, this Court granted in part and denied in part without prejudice Mr. Milligan's motion for summary judgment and stayed this matter to allow Ms. DePriest to refile her EEOC complaint to allege a Government Employee Rights Act of 1991 ("GERA") violation and to allow Ms. DePriest to obtain the proper administrative relief under the GERA. The Court stated that, if the parties wished for the Court to evaluate Ms. DePriest's gender discrimination claims under § 1983 or the ACRA, the parties could file a motion requesting that the Court do so.

It appears from the pleadings before the Court that Ms. DePriest filed a motion for reconsideration with the Equal Employment Opportunity Commission ("EEOC"). The EEOC determined that Ms. DePriest was previously advised that she did not meet the criteria for coverage under the GERA, and the EEOC found no persuasive reason to reconsider that determination (Dkt. No. 76-1). Thus, while the reason for the stay is no longer applicable, the Court did not take Mr. Milligan's motion for summary judgment under advisement. Instead, the

Court granted it in part and denied it in part without prejudice. It is therefore not ripe for decision, as Mr. Milligan states. If Mr. Milligan wishes for the Court to rule on any motion for summary judgment, he must file another motion with this Court. That motion may address the consolidated cases together, if Mr. Milligan opts to do so.

**II.     Motion to Reconsider**

Ms. DePriest's third motion, her motion to reconsider, requests that the Court reconsider its September 30, 2013, Order (Dkt. No. 77). Ms. DePriest states that the Court found Mr. Milligan was entitled to qualified immunity on Ms. DePriest's remonstration claims and dismissed those claims on summary judgment. She argues that Mr. Milligan is not entitled to qualified immunity in his official capacity and that there is a genuine issue of material fact on the issue of whether Mr. Milligan, in his official capacity, retaliated against Ms. DePriest because she filed a lawsuit. Mr. Milligan opposes Ms. DePriest's motion to reconsider, stating that Ms. DePriest's gender discrimination claim has not yet been decided, that the Court granted Mr. Milligan's motion for summary judgment on Ms. DePriest's First Amendment claim not based on qualified immunity, and that the Court granted Mr. Milligan qualified immunity on Ms. DePriest's state law remonstration claim, but that there is no decided issue in this case that merits reconsideration on any basis.

Ms. DePriest states in support of her motion to reconsider that Mr. Milligan is not entitled to qualified immunity, relying on *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). The Eighth Circuit in *Johnson* held that qualified immunity is inappropriate when public servants are sued in their official capacity or when the complaint does not specify in what capacity the public servants are being sued, in which case the suit is construed as being against the defendants in their official capacity. 172 F.3d at 535. Ms. DePriest filed this suit against Mr.

Milligan both individually and in his official capacity (Dkt. No. 2). Thus, the Court interprets Ms. DePriest's motion to reconsider as a motion to reconsider dismissal of Ms. DePriest's right to remonstrate claim against Mr. Milligan in his official capacity. Because the parties have not briefed Ms. DePriest's right to remonstrate claim against Mr. Milligan in his official capacity, the Court grants the motion to reconsider solely as to the right to remonstrate claim against Mr. Milligan in his official capacity and finds that Ms. DePriest's right to remonstrate claim against Mr. Milligan in his official capacity remains in this case at this stage (Dkt. No. 77).

\* \* \*

For these reasons, the Court grants Ms. DePriest's motion to reopen and consolidate (Dkt. No. 76). Accordingly, this Court directs the Clerk of Court to reopen this case and to consolidate Case No. 4:14-cv-00037-JLH with this case pursuant to General Order 39. The Court also grants Ms. DePriest's motion to reconsider insofar as it concerns Ms. DePriest's right to remonstrate claim against Mr. Milligan in his official capacity (Dkt. No. 77). That claim remains in this case. To the extent either party wishes for the Court to address matters on summary judgment, the Court directs the party to file or refile an appropriate motion.

SO ORDERED this 17th day of July, 2014.

_____
Kristine G. Baker
United States District Judge